On Application bob a Rehearing.
Defendant’s counsel complains that the court has ignored that part •of his argument in which he claims that the sale to him was at least valid to extent of the widow’s half, it being community property. This •argument rests solely and exclusively upon the fact that she, after the husband’s death, appointed an appraiser.
It is elementary that an act done by an heir or surviving wife, in ignorance of the death of the ancestor or husband, and therefore with ■no intent to accept, will not constitute such acceptance.
It is the intent with which the act is done that the law regards chiefly. It is patent on the face of the paper whereby she appointed the appraiser that she had no such knowledge and no such intent. She professes to act for her husband, “who is now absent from the city.”
The counsel also complains bitterly of the decree holding him to be a possessor in bad faith. The district judge, who saw and heard the witnesses, so concluded. An examination and re-examination of the facts and evidence lead us to the same result. It is at all times án unpleasant, and often a distressing duty, which courts are called upon to perform, to decide in the last resort upon the rights of their fellow men. But after a full and conscientious investigation of the facts, it is our •duty to apply the law to them as we find them.
We see no possible ground to doubt the nullity of this sale. We think the weight of evidence discloses in the defendant such knowledge as renders him a possessor in bad faith. Nor do we see that the ultimate effect of our decree is so crushingly disastrous as the counsel pictures. 'In every event, and whether in good or bad faith, his client would •owe the fruits and revenues from and after the 17thNovember, 1873, the *374 date of bringing this suit. The effect of bad faith is to make him liable for four months longer time. If the rents were not worth the sum, claimed, defendant should have rebutted the positive and uncontradicted proof that he was receiving $75 per month. He did not do so, and we must presume he did not because he could not.
We adhere to the views expressed in our former opinion, that restitution as a condition precedent to an action of nullity can be demanded only by purchasers in good faith. But while a purchaser in bad faith can not invoke this equitable rule, he may well set up by way of reconvention a claim that in case he be evicted he have judgment for moneys expended for improvements and taxes, as well as for the amount of the sum paid in satisfaction of the plaintiffs’ debts. If the sale is annulled the judgment debt and mortgage revive, and if defendant has paid them, he is legally subrogated to them.
But we can not render such judgments where there is no pleading or prayer to support them.
Defendant’s only prayer in this regard is that his warrantors be-cited, and condemned to pay him a reasonable attorney’s fee, and that, his rights in other respects be reserved.
The rehearing is refused.